# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Jason O. Roose

**Case Number:** 04-13442

| Document Information | |
|---|---|
| **Description:** | Order Granting in Part, Denying in Part [36-1] Application For Compensation (Fees: $ 5,041.77, Expenses: $ 163.91, Total: $5,205.68) for period of 5/9/04 through 9/23/04 by Mel B O'Reilly, Debtor's Attorney. Payment to Mel B. O'Reilly of $4517.50 in fees and $163.91 in expenses . |
| **Received on:** | 2005-05-25 14:25:51.000 |
| **Date Filed:** | 2005-05-25 00:00:00.000 |
| **Date Entered On Docket:** | 2005-05-25 00:00:00.000 |

| Filer Information |
|---|
| **Submitted By:** Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JASON O. ROOSE,                                   No. 13-04-13442 MA

Debtor.

## ORDER GRANTING, IN PART, and DENYING, IN PART, APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND COSTS

THIS MATTER is before the Court on the Application for Allowance and Payment of Compensation and Reimbursement of Expenses and Costs ("Fee Application") filed by Mel B. O'Reilly, attorney for the Debtor. The Fee Application seeks approval of attorneys' fees and costs in the total amount of $5,205.68[1] as an administrative expense of the estate for the period from May 9, 2004 to September 23, 2004 and for authorization of payment by the Chapter 13 Trustee from the estate upon confirmation, dismissal, or conversion of the outstanding balance in the amount of $4,851.21.[2] The Chapter 13 Trustee filed an objection to the Fee Application, asserting, among other things, that the total amount of fees requested is high as compared to a typical chapter 13 proceeding, that certain charges are excessive for the nature of the task performed, that the Fee Application is premature because the case had not been confirmed as of the date the Fee Application was filed and additional fees are likely, and that the costs are not described in sufficient detail. The Court held a final hearing on the Fee Application and took the matter under advisement. After considering the Fee

---

[1] Of this amount, $4,745.00 is attributable to fees.

[2] Mr. O'Reilly reports that he has already received payment in the amount of $354.47, including applicable New Mexico gross receipts taxes, leaving an unpaid balance relating to the Fee Application in the amount of $4,851.21.

1

Application, and being otherwise sufficiently informed, the Court finds that some of the requested fees and costs must be disallowed. In reaching this determination the Court FINDS:

1. Pursuant to 11 U.S.C. § 330(a)(4)(B),

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(4)(B).

2. Reasonableness is determined based upon such factors as the amount of time spent on the service, the rate charged, and whether the services were necessary to the administration of the bankruptcy estate. 11 U.S.C. § 330(a)(3). Compensation will not be allowed for "unnecessary duplication of services", for services that "were not reasonably likely to benefit the estate" nor for services that are not "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). Similarly, when excessive time is billed for uncomplicated matters, the attorney is not entitled to compensation for the total requested amount despite the fact that the work was actually done. *See In re Colorado-Ute Elec. Ass'n, Inc.,* 132 B.R. 174, 177 (Bankr.D.Colo. 1991) ("In applying for fees, attorneys 'should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-1940, 76 L.Ed.2d 40 (1983)). *In re Reconversion Technologies, Inc.,* 216 B.R. 46, 56 (Bankr.N.D.Okla. 1997) (In determining the amount of reasonable compensation, the court "should disallow hours that were 'duplicative, unproductive, excessive, or otherwise unnecessary.'" (quoting *In re Shades of Beauty, Inc*., 56 B.R. 946, 951 (Bankr.E.D.N.Y.1986) (citations omitted).

2

3. The fee applicant bears the burden of showing entitlement to the requested compensation. *See In re Recycling Industries, Inc.,* 243 B.R. 396, 402 (Bankr.D.Colo. 2000) ("It is well settled that the burden of proof as to the reasonableness of compensation is on the fee applicant."); *In re Amdura Corp.,* 139 B.R. 963, 968 (Bankr.D.Colo. 1992).

4. Time keeping records submitted in support of a fee application must sufficiently describe the work performed to enable the Court to determine whether the fees requested are reasonable and necessary. *Amdura,* 139 B.R. at 972. Descriptions for completed tasks that are too vague prevents the Court from determining reasonableness, and may result in the denial of fees for those tasks. *Id.*

5. Time spent on matters that are clerical in nature is not compensable. *See In re Copeland,* 154 B.R. 693, 699 (Bankr.W.D.Mich. 1993) (examining fees requested by attorney for chapter 13 debtor, and noting that "The work for which lawyers receive compensation must be legal, not ministerial or clerical."). Rather, clerical work is part of office overhead. *See Amdura,* 139 B.R. at 985.

6. The Court finds that the hourly rate of $175.00 requested in the fee application is reasonable.

7. The trustee objected to the costs requested in the Fee Application on grounds that they are not described with sufficient detail so that the charge per page is ascertainable. The trustee also objected to the requested costs to the extent the cost per page for facsimiles is $1.00. At the final hearing on the Fee Application, Mr. O'Reilly testified that the charged cost per page for copies was 10 ¢ until May of 2004, when the copy charges were raised to 15¢ per page, and that the cost for incoming and outgoing facsimiles is 50¢ per page. The Court finds that the requested costs are reasonable. *See Clerk's Practice and Procedure Guide,* Section 14.2.5.g. (noting that copy charges

3

Case 04-13442-m13    Doc 51    Filed 05/25/05    Entered 05/25/05 15:12:00 Page 4 of 6

in excess of .25 per page is considered inappropriate.) *But see In re CF & I Fabricators of Utah, Inc.,* 131 B.R. 474, 494 (Bankr.D.Utah 1991) (noting that "[o]utgoing telecopies should be charged at the cost of long distance telephone rates, and incoming telecopies charged at the actual costs of paper, toner, or ink, etc.").

8. After review of the itemized billing records attached to the Fee Application, the Court finds that some entries must be disallowed because they are not reasonable or necessary. Specifically, the following entries are disallowed for the reasons stated:

| Date | Entry | Time | Amount | Reason for Disallowance |
|---|---|---|---|---|
| 5/12/04 | Received setting from Bankruptcy Court Special Master Baca; Review and response to report setting; copy to opposing counsel re: arrearages | .50 | $87.50 | There is no special master Baca at the bankruptcy court; excessive time billed |
| 06/01/04 | Received Objections to Plan from Wells Fargo; called opposing counsel's office to request information | .65 | $113.75 | Excessive time; reduce allowed time billed to .25 of an hour |
| 06/04/04 | Received Objection from IRS; call to client; conference re information needed | .90 | $157.50 | Excessive time; reduce allowed time billed to .50 of an hour |

The total disallowed amount is $227.50 (1.30 hours @ $175.00/hour).

WHEREFORE, IT IS HEREBY ORDERED, that the Fee Application is approved, in part, and denied, in part. Total fees in the amount of $4,517.50[3] and costs in the amount of $163.91 are

---

[3]$4,745.00 less disallowed amount of $227.50.

4

allowed, plus applicable New Mexico gross receipts taxes in the amount of $283.81 (at rate of 6.0625 as reported on the Fee Application), less $354.87 which counsel has already received, leaving a balance of allowed fees and costs in the amount of $4,610.35 due and compensable from the bankruptcy estate.  The remainder of fees requested in the Fee Application are disallowed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Mel B. O'Reilly
Attorney for Debtor
7125 Prospect Place NE
Albuquerque, NM 87110

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Ave. SW, Suite 350
Albuquerque, NM 87102

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

5